UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANDISS CAMPBELL,

    Plaintiff,

v.                                          Case No:  2:12-cv-616-Ftm-99SPC

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Clerk's Default Against Defendant Metropolitan Life Insurance Company (Doc. #9) filed on February 6, 2013.  Plaintiff Candiss Campbell moves for an entry of clerk's default against Defendant Metropolitan Life Insurance Company for failure to plead or otherwise defend pursuant to Federal Rule of Civil Procedure 12.

Plaintiff has filed a Complaint against Defendant pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  Plaintiff alleges that she is a beneficiary of an employee benefit plan of the insured, Jackie Patterson, who was an employee of Chrysler LLC. (Doc. #1).  Plaintiff alleges that the plan is a welfare benefit plan established under ERISA to provide death benefits to those participants who satisfy the terms and conditions of the plan to receive such benefits.  She is requesting benefits under the plan in the amount of $100,000.

With regard to service of process, Plaintiff served Defendant by serving the Chief Financial Officer of the State of Florida, as Defendant's agent, pursuant to Fla. Stat. §§ 48.151(4), 624.307(9), 624.422, and 624.423.  The Notice of Service of Process (Doc. #9-1)

reflects that the CFO of Florida received the service of process on December 4, 2012, and forwarded a copy of the process "by Electronic Delivery" to the designated agent for Defendant on December 10, 2012. Defendant's designated agent is listed as Donna Moch, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. An email address for Ms. Moch is not listed on the Notice.

Florida Statute Section 624.423 provides that, upon receiving service from the plaintiff, "the [CFO] shall ... forward one copy of the process by registered or certified mail to the person last designated by the insurer to receive the same." Fla. Stat. § 624.423(1). Florida Statute section 624.307(9) further permits the CFO to forward the process "by any other verifiable means," including by electronic delivery. That statute provides the following:

> Upon receiving service of legal process issued in any civil action or proceeding in this state against any regulated person required to appoint the Chief Financial Officer as its attorney to receive service of all legal process, the Chief Financial Officer, as attorney, may in lieu of sending the process by registered or certified mail, send the process by any other verifiable means to the person last designated by the regulated person to receive the process.

Fla. Stat. § 624.307(9).

In this case, the Notice of Service of Process states that process was forwarded to the designated agent for MetLife on December 10, 2012 by electronic delivery. Before a clerk's default can be issued, the serving party must establish that the defaulting party was properly served. Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007). Florida Statute Section 624.307(8) permits the CFO to forward process "by any other verifiable means," including in this manner. To date, Defendant has failed to respond to the complaint in any manner. The entry of a clerk's default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Pursuant to Federal Rule of

Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. To date, there has been no responsive pleading with respect to the Complaint from the Defendant. Therefore, the entry of clerk's default is appropriate at this time. See Dunn v. Prudential Life Ins. Co., No. 8:11-cv-1626-24TBW, 2011 WL 52867 (M.D. Fla. Jan. 7, 2011) (granting in part default judgment under the same circumstances).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Clerk's Default Against Defendant Metropolitan Life Insurance Company (Doc. #9) is **GRANTED**.

(2) The Clerk is directed to enter Clerk's Default against Defendant Metropolitan Life Insurance Company.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of February, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record